UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  Case No: 23-cr-358-KKM-TGW-5

JUSTIN OLIVEIRA,

    Defendant.
_____

# **ORDER**

    Defendant Oliveira moves for compassionate release and for a reduction in his sentence under the provisions afforded by the First Step Act. *See* Mot. (Doc. 426). If Oliveira wishes to challenge the calculation of good-time credits towards his sentence, he must present that request in a petition under 28 U.S.C. § 2241. For the below reasons, I deny the motion for compassionate release.

    Subject to ordinary appellate and collateral review, sentences of imprisonment are generally final. *See* 18 U.S.C. § 3582(c). Section 3582(c)(1) sets out one exception, commonly called "compassionate release." *United States v. Handlon*, 97 F.4th 829, 831–32 (11th Cir. 2024) (per curiam). For his compassionate-release motion to be considered on the merits, a prisoner must either exhaust his administrative remedies with the Bureau of Prisons, or else

the prisoner's warden must fail to act on a request for compassionate release within thirty days of receipt. 18 U.S.C. § 3852(c)(1). That threshold requirement being met, a court may order compassionate release only if (1) "extraordinary and compelling reasons warrant" release, (2) the factors in 18 U.S.C. § 3553(a) support release, and (3) release is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*; *accord United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (per curiam). The applicable policy statement is U.S.S.G. § 1B1.13. *See United States v. Bryant*, 996 F.3d 1243, 1252 (11th Cir. 2021). "Because all three conditions—*i.e.*, support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement—are necessary, the absence of even one would foreclose a sentence reduction." *Handlon*, 97 F.4th at 832 (quoting *Tinker*, 14 F.4th at 1237–38).

As a threshold matter, Oliveira does not appear to have exhausted any remedies within the BOP, although the government responds in kind only as it relates to his motion for good-time credits. Gov't Resp. (Doc. 429) at 2. As such, I assume (but doubt) that he has properly exhausted his request for compassionate release.

Oliveira argues that early release is warranted because the mother of his children, Shera Rhodes, suffers from trigeminal neuralgia, which "causes severe facial pain." Mot. at 3. In reply to the government, Oliveira explains

2

further that the condition causes "debilitating pain" and that she is awaiting a medical procedure to address the condition. Reply (Doc. 431) at 3. Oliveira contends that his two minor "children's well-being is at severe risk." *Id.*

The relevant guideline provides that an extraordinary and compelling reason for release might occur due to the "incapacitation of the caregiver of the defendant's minor child," U.S.S.G § 1B1.13(b)(3)(A). Although attachments to the reply to the government's response indicate that the mother of Oliveira's children applied for intermittent FMLA leave, it remains unclear whether that leave was granted and whether the time period requested is about to lapse. *See* Doc. 431-1 at 13-18. Even assuming that Rhodes remains on FMLA intermittent leave, that fails to establish "incapacitation." In this context, "incapacitation" means the "quality, state, or condition of being disabled or lacking legal capacity." *See Incapacitation*, BLACK'S LAW DICTIONARY (12th ed. 2024). Caselaw confirms that ordinary meaning requires disability or complete lack of capacity. *See, e.g.*, *United States v. Aman*, 2024 WL 3425717, at \*9–10 (S.D. Fla. 2024) (finding "incapacitated" individual who is "incapable of self-care"). Although painful, nothing in the papers indicates that Rhodes's condition reaches that extreme.

Oliveira's failure to establish an extraordinary and compelling reason enumerated in § 1B1.13(b) "foreclose[s]" relief. *Handlon*, 97 F.4th at 832 (quoting *Tinker*, 14 F.4th at 1238).

3

Oliveira also fails to persuade that a sentence reduction is warranted under 18 U.S.C. § 3553(a). I have reviewed the § 3553(a) factors and Oliveira's arguments—mainly his rehabilitation efforts while in BOP custody—and conclude that the factors do not support a reduction. Although Oliveira participated in serious drug offenses, including selling cocaine, he received a downward variance and sentence of only eighteen months. None of the § 3553(a) factors warrant a further reduction.

Accordingly, Defendant Justin Oliveira's Motion for Compassionate Release (Doc. 426) is **DENIED**. If Oliveira wishes to challenge good-time credits owed, he must initiate a new civil action and bring a petition under 28 U.S.C. § 2241.

**ORDERED** in Tampa, Florida, on October 24, 2025.

Kathryn Kimball Mizelle
United States District Judge